**Sara Jane BAILEY, Administratrix of the Estate of Hazel Stehman, Plaintiff**

**v.**

**ELI LILLY CO., INC., and the United States of America Food & Drug Administration, Defendants.**

**Civ. A. No. 84–1529.**

United States District Court, M.D. Pennsylvania.

April 29, 1985.

Howard B. Krug, Purcell, Nissley, Krug & Haller, Harrisburg, Pa., for plaintiff.

Sally A. Lied, Asst. U.S. Atty., U.S. Atty.'s Office, Harrisburg, Pa., for defendants.

Nina M. Gussack, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Eli Lilly Co.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction*

■ Pursuant to Fed.R.Civ.P. 12(b), defendant, United States of America, has moved to dismiss plaintiff's complaint based upon the discretionary function exception to the Federal Tort Claims Act.[1] 28 U.S.C. § 2671 *et seq.* Plaintiff's complaint alleges that the Food and Drug Administration (FDA) negligently failed to follow its own regulations in permitting Eli Lilly Co., Inc. to market the drug Oraflex and in also failing to take appropriate ac-

tion to restrict the use of the drug or take it off the market after deaths and other injuries from its use became apparent. Plaintiff's decedent, taking Oraflex as a treatment for arthritis, allegedly died from bladder cancer caused by the drug. For the reasons set forth below, we grant the motion.

### II. *Discussion*

The United States has waived its sovereign immunity from suit under certain circumstances.

> [T]he district court shall have exclusive jurisdiction of civil actions on claims against the United States ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).[2]

The waiver, however, does not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

The FDA is statutorily charged with determining whether a new drug is, among other things, "safe for use" before approving the drug's marketing or in deciding to remove an already approved drug from use by the public. *See* 21 U.S.C. § 355. Defendant contends that this is a discretionary function protected by section 2680(a). Plaintiff argues, on the other hand, that the FDA's regulations have refined its statutory duty and that the FDA can be found liable for failing to follow its own regula-

---

1. The defendants originally named in the complaint were Eli Lilly Co., Inc. and The United States of America Food and Drug Administration. Plaintiff has settled with Eli Lilly Co., Inc. and The United States of America was named as the other defendant by order, dated January 18, 1985.

2. *See also* 28 U.S.C. § 2674.

tions, program decisions, standards and data. Her claim does not involve second guessing the FDA in the general area of drug approval. Rather, it involves holding the agency responsible for failing to comply with its own specific, objective procedures which, if followed correctly, would have inevitably led to Oraflex's never being approved, and once approved, its removal from the market. Hence, in plaintiff's view, this case does not call into question the exercise of the agency's discretion.

Plaintiff cites in her support *Griffin v. United States*, 500 F.2d 1059 (3d Cir.1974), and *Gross v. United States*, 676 F.2d 295 (8th Cir.1982), but we find these cases distinguishable. *Gross* is cited for the proposition that intentionally refusing to carry out a regulatory duty and consistently disregarding program standards and decisions does not fall within the discretionary function exception. In *Gross*, plaintiff sued state and county officials for excluding him from a United States Department of Agriculture feed grain program. The court rejected the discretionary function exception defense because the local officials had been ordered by national ones to permit plaintiff into the program. Unlike the FDA here, the local officials had no discretion to exercise.

In *Griffin*, the Third Circuit Court of Appeals held that the discretionary function exception did not apply to the government's negligence in releasing for public use, in violation of a regulation, a quantity of polio vaccine which exceeded a reference strain in neurovirulence. The court stated:

> [T]he implementation called for a judgmental determination as to the degree to which each of the enumerated criteria indicated neurovirulence in monkeys. The judgment, however, was that of a professional measuring neurovirulence.... At issue was a scientific, but not policy-making, determination as to whether each of the criteria listed in the regulation was met and the extent to which each such factor accurately indicated neurovirulence.

*Id.* at 1066 (footnote omitted) (brackets added).

In the instant case, a scientific evaluation was not the crux of the FDA's allegedly wrongful conduct. Hence, *Griffin* is inapplicable although there is some similarity between it and the instant case in that in both of them there is no challenge to the propriety of regulations but merely the manner in which they were implemented.

The regulations involved in the instant case, however, are materially different from the one at issue in *Griffin*. While, of course, these regulations are more specific than section 355, we are in complete agreement with the court in *Miller v. Secretary*, No. 83–595 (E.D.Pa.1983), that they "speak as an enhancement to the judgmental or discretionary function of the FDA in reviewing data submitted by drug companies for determination by FDA of whether or not a drug is safe for use and effective in use." Slip op. at 4. As such, these regulations still involve the exercise of discretion by the FDA. *See also Gray v. United States*, 445 F.Supp. 337 (S.D.Tex.1978).

For example, plaintiff complains that defendant violated its own regulation when it approved Oraflex even though 21 C.F.R. § 314.110(a)(3) provides that an application for approval of a new drug shall not be considered complete unless it contains full reports of adequate preclinical tests on the safety and effectiveness of the drug. Because the same application with the same tests had allegedly previously been rejected by the FDA, plaintiff concludes that the eventual approval must have been based upon inadequate tests and in violation of the regulation. She claims that the FDA's "disregard of its own decision ... cannot be regarded as discretionary under its regulatory directives." Plaintiff's brief at 12.

We think plaintiff's argument highlights the discretionary nature of these regulations rather than downplays it. What constitutes an "adequate preclinical" test falls squarely within the judgmental role assigned to the agency. Also, it does not necessarily follow that the agency violated its regulations merely because it had previ-

ously denied the same application. The judgmental nature of this type of regulation distinguishes it from the polio virus neurovirulence regulation at issue in *Griffin.*

 Plaintiff also argues that her "cause of action against the FDA is founded upon its intentional action of refusing to carry out its regulatory directives and disregard of program decisions and standards." Plaintiff's brief at 13. Section 2680(a), however, insulates the government from any claim "based upon the *failure to exercise* or perform a discretionary function." (emphasis added). Thus, we must reject this argument as well.

In *United States v. S.A. Empresa De Viaco Aerea Rio Grandense (Varig Airlines),* —— U.S. ——, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), the United States Supreme Court discussed the discretionary function exception and stated as follows:

> First, it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case.... Thus, the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability.

> Second, whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals.... This emphasis upon protection for regulatory activities suggests an underlying basis for the inclusion of an exception for discretionary functions in the Act: Congress wished to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.

*Id.* at ——, 104 S.Ct. at 2765, 81 L.Ed.2d at 674–75 (footnote omitted).

Here, the actions of the FDA were plainly of the "nature and quality that Congress intended to shield from tort liability." Further, even if the agency mishandled the approval of Oraflex negligently or intentionally, the exemption still applies. "As the statute itself provides, discretionary functions are exempt whether or not the discretion involved be abused. 28 U.S.C. § 2680(a)." *General Public Utilities Corp. v. United States,* 745 F.2d 239, 245 (3d Cir.1984). Additionally, judicial intervention in such decisionmaking and regulatory activity would be contrary to Congress's intention in passing the discretionary function exception.

We will issue an appropriate order.